**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED |
| INVUITY, INC., SCOTT FLORA, ERIC ROBERTS, RANDALL A. LIPPS, GREGORY T. LUCIER, WILLIAM W. BURKE, DANIEL WOLTERMAN, STRYKER CORPORATION, and ACCIPITER CORP., | ) ) CLASS ACTION ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on September 11, 2018 (the "Proposed Transaction"), pursuant to which Invuity, Inc. ("Invuity" or the "Company") will be acquired by Stryker Corporation ("Parent") and Accipiter Corp. ("Merger Sub," and together with Parent, "Stryker").

2. On September 10, 2018, Invuity's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Stryker. Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to acquire all of Invuity's outstanding common stock for $7.40 per share in cash. The Tender Offer is set to expire on October 22, 2018.

3. On September 24, 2018, defendants filed a Schedule 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Invuity common stock.

9. Defendant Invuity is a Delaware corporation and maintains its principal executive offices at 444 De Haro Street, San Francisco, California 94107. Invuity's common stock is traded on the NasdaqGM under the ticker symbol "IVTY." Invuity is a party to the Merger Agreement.

... 

10. Defendant Scott Flora ("Flora") is interim President, Chief Executive Officer ("CEO"), and a director of the Company.

11. Defendant Eric Roberts ("Roberts") is a director of Invuity.

12. Defendant Richard L. Federico ("Lipps") is a director of Invuity.

13. Defendant Gregory T. Lucier ("Lucier") is a director of Invuity.

14. Defendant William W. Burke ("Burke") is a director of Invuity.

15. Defendant Daniel Wolterman ("Wolterman") is a director of Invuity.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17. Defendant Parent is a Michigan corporation and is a party to the Merger Agreement.

18. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Invuity (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

20. This action is properly maintainable as a class action.

21. The Class is so numerous that joinder of all members is impracticable. As of September 7, 2018, there were approximately 24,073,678 shares of Invuity common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if

defendants' conduct complained of herein continues.

23. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

24. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

25. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## **SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

26. Invuity is a leading medical technology company focused on developing and marketing advanced surgical devices to improve the surgeon's ability to perform minimal access surgery through smaller and hidden incisions.

27. The Company's patented Intelligent Photonics® technology delivers enhanced visualization, which facilitates surgical precision, efficiency, and safety.

28. Clinical applications include women's health, encompassing breast cancer and breast reconstruction surgery, gynecology, and thyroid surgery.

29.     Additional applications include procedures for general surgery, electrophysiology, spine, and orthopedics.

30.     On September 10, 2018, Invuity's Board caused the Company to enter into the Merger Agreement.

31.     Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of Invuity's outstanding common stock for $7.40 per share in cash.

32.     The Tender Offer is set to expire on October 22, 2018.

33.     According to the press release announcing the Proposed Transaction:

> Invuity, Inc. (NASDAQ: IVTY), a leading medical technology company focused on advanced surgical devices to enable better visualization, today announced it has entered into a definitive agreement with Stryker Corporation (NYSE:SYK), pursuant to which Stryker will acquire all of the outstanding shares of Invuity for $7.40 per share in cash, implying a total equity value of approximately $190 million. . . .
>
> Under the terms of the definitive transaction agreement, a subsidiary of Stryker Corporation will commence a tender offer to purchase all outstanding shares of Invuity, Inc. common stock in exchange for $7.40 per share in cash.  The completion of the tender offer is subject to customary terms and closing conditions, including a requirement that a majority of Invuity, Inc.'s outstanding shares are tendered in the offer and receipt of certain regulatory approvals.  The agreement provides that immediately following the successful completion of the tender offer, the subsidiary of Stryker Corporation making the offer will merge with and into Invuity, Inc. and all remaining outstanding shares of Invuity, Inc. common stock that were not tendered in the offer will receive the same consideration paid in respect of those shares that were tendered.  Stryker Corporation intends to fund the transaction with cash on hand.
>
> The Invuity, Inc. Board of Directors has approved entering into the agreement and recommends that Invuity, Inc.'s stockholders tender their shares in the upcoming tender offer. All directors and executive officers of Invuity, Inc. have entered into a tender and support agreement providing that they will tender their shares in the offer.
>
> Following the completion of the transaction, Invuity, Inc. shares will be delisted from NASDAQ.  The tender offer is expected to be completed in the fourth quarter of 2018, subject to the satisfaction or waiver of the transaction conditions.

*The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

34. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

35. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

36. First, the Solicitation Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Moelis & Company LLC ("Moelis").

37. With respect to the Company's financial projections, the Solicitation Statement fails to disclose: (i) all line items used to calculate EBITDA; (ii) all line items used to calculate EBIT; (iii) all line items used to calculate unlevered free cash flow; and (iv) a reconciliation of all non-GAAP to GAAP metrics.

38. With respect to Moelis's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the estimated terminal value for the Company; (ii) the tax benefits of Invuity's net operating losses; and (iii) the inputs and assumptions underlying the range of discount rates of 13.0% to 17.5%.

39. With respect to Moelis's Selected Publicly Traded Companies Analysis, the Solicitation Statement fails to disclose the total enterprise values of the companies observed by Moelis in the analysis.

40. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed. Moreover, the disclosure of projected financial information is material because it provides stockholders with a

basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

41. Second, the Solicitation Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

42. Specifically, the Solicitation Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of – and retention agreements with – the Company's officers and directors, including who participated in all such communications.

43. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

44. Third, the Solicitation Statement omits material information regarding potential conflicts of interest of Moelis.

45. Specifically, the Solicitation Statement fails to disclose whether Moelis has provided past services to the Company, its officers or directors, or the Company's affiliates, and if so, the timing and nature of such services and the amount of compensation received for such services.

46. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

7

47. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: the Solicitation or Recommendation.

48. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

51. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

52. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

53. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

54. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

55. The omissions in the Solicitation Statement are material in that a reasonable

8

shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

56. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

57. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

58. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

59. Plaintiff and the Class have no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

60. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

62. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

63. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

64. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

65. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

66. Plaintiff and the Class have no adequate remedy at law.

## COUNT III

### (Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Stryker)

67. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

68. The Individual Defendants and Stryker acted as controlling persons of Invuity within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of Invuity and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

69. Each of the Individual Defendants and Stryker was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or

10

shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

70. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

71. Stryker also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

72. By virtue of the foregoing, the Individual Defendants and Stryker violated Section 20(a) of the 1934 Act.

73. As set forth above, the Individual Defendants and Stryker had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

74. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

75. Plaintiff and the Class have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

11

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: September 28, 2018

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*